UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NICOLE MAITLAND,**<br><br>                              Plaintiff,<br><br>-vs-<br><br>**NIAGARA CREDIT SOLUTIONS, INC.,**<br><br>                              Defendant. | *Civil Action No.* _____ |

### COMPLAINT & DEMAND FOR JURY TRIAL

#### INTRODUCTION

1. Plaintiff Nicole Maitland brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

#### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

#### PARTIES

4. Plaintiff Nicole Maitland is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Niagara Credit Solutions, Inc., (hereinafter "Niagara Credit Solutions") is an active domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

1

## FACTUAL ALLEGATIONS

8. That Plaintiff Maitland is alleged to have incurred and later defaulted on a personal debt to Capital One. Said alleged debt will hereinafter be referred to as "the subject debt."

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. That upon information and belief, Defendant Niagara Credit Solutions was employed by Capital One many years after the alleged default, in order to collect on the subject debt.

11. That upon information and belief, Defendant thereafter began calling Plaintiff Maitland multiple times per week in order to solicit payment for the alleged debt.

12. That in or about January of 2010, Defendant left a message for Plaintiff on her cellular telephone. During said message, Defendant only identified itself as "Niagara Credit" and explained that the purpose for the call was to follow up with a written settlement offer purportedly mailed to Plaintiff. At no time during said message did Defendant make the disclosures required by 15 U.S.C. §1692e(11).

13. That despite the representations made in the aforementioned message, Plaintiff Maitland did not receive any written settlement offer from Defendant prior to that call, nor had Plaintiff received any other mailings from Niagara Credit Solutions.

14. That on or about February 8, 2010, Plaintiff Maitland called and spoke with an individual for Defendant who identified himself only as "Mr. Reese." During the telephone conversation that ensued, Defendant claimed that the subject debt was a Capital One account with a balance of $902.50, including "fees and interest." Mr. Reese stated that "Niagara Credit" was the "final office" and that if Plaintiff failed to pay, the account would be turned back over to Capital One for legal action.

15. That as the telephone conversation described in Paragraph 14 above continued, Mr. Reese offered to settle the alleged debt for 40% and proclaimed that if Plaintiff declined to pay the subject debt, the negative account would stay on her credit report for ten (10) years. Mr. Reese then added that just prior to expiration of the ten (10) year deadline, Defendant could decide to sue Plaintiff Maitland for the balance and garnish her wages, among other things. Plaintiff Maitland informed Defendant that she disputed the debt, provided Defendant with her mailing address and requested documentation regarding the alleged account.

16. That despite Mr. Reese's aforementioned representations, Defendant was not the "final office" and he was unaware of what action Capital One might take with regards to the

disputed debt if Plaintiff did not pay. Additionally, Defendant's representations regarding the negative effects that the subject debt would have on Plaintiff's credit and the purported statute of limitations that would apply, were false, and known to be false, when made.

17. That several days following the telephone conversation described in Paragraphs 14 and 15 above, Plaintiff Maitland received a message from Mr. Reese. Said message stated that Defendant was calling to determine whether Plaintiff would be "handling the matter voluntarily," directed Plaintiff to return the call "today," and once again failed to leave disclosures required by 15 U.S.C. §1692e(11).

18. That in conjunction with Mr. Reese's earlier representations regarding legal action, Plaintiff Maitland understood, and Mr. Reese intended, the aforementioned statement to be a threat that a lawsuit would be filed against Plaintiff and her wages garnished, if she failed to call Mr. Reese back that same day and agree to pay the subject debt. Despite this statement, Defendant did not have the intent or authority to institute measures such as litigation to collect money from Plaintiff "involuntarily."

19. That within the next day or so, Mr. Reese again called and left a message for Plaintiff Maitland. Again Defendant failed to make required disclosures during his message and otherwise proclaimed that he needed to speak with Plaintiff "today" in regards to handling the matter "voluntarily," concluding said message by providing Plaintiff with a "file number" for the alleged account.

20. That it is believed that Defendant began using the term "file number," along with his statements regarding "voluntarily" handling the subject debt, in order to lead Plaintiff to believe that a lawsuit was being prepared or had in fact been filed so that she would be frightened into returning his call and/or paying the subject debt.

21. That soon thereafter, Plaintiff Maitland received yet another message from Mr. Reese. During this message, Mr. Reese once again failed to provide meaningful disclosure of Defendant's identity or provide the disclosures required by 15 U.S.C. §1692e(11). Additionally, Mr. Reese stated that failure to call the Defendant back would signify that Plaintiff has "no intention" of resolving the matter "voluntarily" and that would mean Defendant would have to do something "involuntarily on [Plaintiff's] behalf."

22. That, once again, Mr. Reese meant, and Plaintiff understood, the forgoing statements to mean that Defendant Niagara Credit Solutions would file a lawsuit against her if she did not return his call and make payment towards the debt she disputed owing.

23. That Plaintiff Maitland felt very intimidated by Mr. Reese and frightened by his representations, such that she did not return his calls for fear that she would be coerced into making a payment towards the subject debt—a debt that she disputes owing.
24. That Defendant Niagara Credit Solutions has since continued to call Plaintiff Maitland repeatedly and continuously to solicit payment for the subject debt.
25. That at no time has Defendant Niagara Credit Solutions provided Plaintiff Maitland with a written notice of the alleged debt and her rights as a "consumer," as required by 15 U.S.C. §1692g(a).
26. That as a result of Defendant's repeated calls and false representations and threats, Plaintiff Maitland became very worried, upset, anxious, frightened and otherwise suffered from emotional distress.

### CAUSE OF ACTION

27. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:
28. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse Plaintiff Maitland by:
    a. Stating that "Niagara Credit" was the "final office" and that if Plaintiff failed to pay, the account would be turned back over to Capital One for legal action.
    b. Proclaiming that if Plaintiff declined to pay the subject debt, the negative account would stay on her credit report for ten (10) years.
    c. Proclaiming that just prior to expiration of the ten (10) year deadline, Defendant could decide to sue Plaintiff Maitland for the balance and garnish her wages, among other things.
    d. Repeatedly stating that Defendant was calling to determine whether Plaintiff would be "handling the matter voluntarily," and repeatedly directing Plaintiff to return the Defendant's calls "today."
    e. Providing Plaintiff with a "file number" for the alleged account.
    f. Stating that failure to call the Defendant back would signify that Plaintiff has "no intention" of resolving the matter "voluntarily" and that would mean Defendant would have to do something "involuntarily on [Plaintiff's] behalf."
29. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing Plaintiff's telephone to ring with the intent to annoy, abuse and harass.

4

30. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(6) by repeatedly placing telephone calls to Plaintiff's phone and communicating with her without providing meaningful disclosure of the caller's identity.

31. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by repeatedly misrepresenting Defendant's knowledge and authority with regards to legal action to recover payment of the disputed debt, by repeatedly placing a false sense of immediacy on the situation to try and recover payment more quickly, and by misrepresenting the effects of non-payment on Plaintiff's credit report and the statute of limitations that would apply to the situation.

32. Defendant violated 15 U.S.C. §1692e(11) by repeatedly failing to notify Plaintiff that Defendant was a debt collector and that any information obtained would be used for that purpose.

33. Defendant violated 15 U.S.C. §1692f by repeatedly placing a false sense of immediacy on the situation to try and coerce payment from Plaintiff, by lying to Plaintiff regarding the effects of non-payment on her credit report and the statute of limitations that would apply to her situation, and by using language meant to create a sense of fear around the situation in the hopes that by doing so would coerce Plaintiff into making payment on a debt she disputes owing.

34. Defendant violated 15 U.S.C. §1692g(a)(1), 15 U.S.C. §1692g(a)(2), 15 U.S.C. §1692g(a)(3), 15 U.S.C. §1692g(a)(4) and 15 U.S.C. §1692g(a)(5) by failing to provide Plaintiff with a written notice of the subject debt and her rights as a "consumer," even after she provided Defendant with her mailing address and requested the same.

35. Because of the Defendant's various aforementioned violations of the FDCPA, Plaintiff became very nervous, worried, upset and otherwise suffered from emotional distress.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nicole Maitland respectfully requests that this honorable Court enter judgment against the Defendant for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff Maitland demands a trial by jury in this action.

Date: February 25, 2010

/s/Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520